508 P.2d 1298

Stanley CATHEY et al., Plaintiffs-Appellees,

v.

The CITY OF HOBBS et al., a municipal corporation, Defendants-Appellees,

v.

D. F. MOLZEN & ASSOCIATES, INC., Defendants-Cross-Claimants-Appellants.

No. 9498.

Supreme Court of New Mexico.

April 13, 1973.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellants.

L. George Schubert, Hobbs, for plaintiffs-appellees.

John T. Porter, Gary D. Reagan, Hobbs, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

The City of Hobbs felt it necessary to improve its sanitary sewer system by constructing a new sewage disposal plant and related facilities. In this regard it entered into a contract with D. F. Molzen & Associates, Inc. (Molzen), an engineering firm, to provide plans for the project. Molzen was to receive as his fee 6% of the construction cost and actual costs of up to $2,000 for his efforts on behalf of the City to obtain federal funding. Funds later became available from the United States Government but the citizens of Hobbs, at a municipal election, defeated the proposition of issuing general obligation bonds of the City which would have partially paid for the project. No bonds were issued, no sums of money were actually received from the federal government and no construction was commenced. Molzen submitted a bill for all of his services which a majority of the city commission voted to pay. Prior to any payment, however, the plaintiffs here, as taxpaying resident citizens, filed this suit in the District Court of Lea County to enjoin the City from paying Molzen's fees and costs. Molzen counterclaimed against plaintiffs for allegedly attempting to force the City of Hobbs to breach the contract by refusing to pay his fees and costs. Also, Molzen cross-claimed against defendant City of Hobbs to obtain payment according to contract terms, and against defendants Gary Don Reagan and William Douglas Rash as individuals and not as commissioners for allegedly attempting to persuade the city commission to breach the contract. After a hearing on the merits of the issue of injunctive relief, the court entered judgment granting plaintiffs a perpetual injunction and dismissing Molzen's counterclaim and cross-claims. From this judgment Molzen, but not the City of Hobbs, appeals.

Parts of the contract pertinent to this appeal are as follows:

"VI. B. 4. The Engineer shall receive compensation for actual expenses incurred by the Engineer in his efforts on behalf of the Owner to secure funds and grants from the United States of America or its agencies; provided, however, that the total sum of such expenses shall not exceed $2,000.00 and shall be billed and reported as is otherwise provided in the preceding paragraph.

\*     \*     \*     \*     \*     \*

"VI. D. All fees and charges, except those outlined in Paragraph B–4 above, shall be conditioned upon the receipt of funds from the United States Govern-

ment or from the sale of bonds; and in the absence of the receipt of said funds by the Owner, shall abrogate the liability of the Owner to the Engineer for fees and charges."

Findings of fact made by the district court which are challenged and which are pertinent are as follows:

"8. The City of Hobbs has not received any funds from the United States government nor from the sale of bonds relating to the project defined in the agreement.

\* \* \* \* \* \*

"12. The provisions of the Agreement that all fees are conditioned upon receipt of funds from the United States government or from the sale of bonds have not been met."

Pertinent conclusions of law are:

"2. The City of Hobbs owes no money to D. F. Molzen & Associates, Inc. under the agreement dated May 19, 1969, and there has been no breach of said agreement.

"3. The $2,000.00 payment for expenses is barred by the Bateman Act.

"4. The plaintiffs are entitled to a permanent injunction against the defendants, ordering such defendants not to pay city funds to Molzen.

"5. The Cross-Claim of Defendant D. F. Molzen & Associates, Inc. against Commissioners William Douglas Rash and Gary Don Reagan, and Plaintiffs Stanley Cathey, William L. Pevey, Jr., Leroy Box and Nadine Lovelady is without merit and should be dismissed with prejudice."

We will discuss each of the challenges in order.

■ Finding of fact No. 8 is not successfully challenged in this appeal because Molzen has failed to demonstrate a lack of substantial evidence to support it. We believe substantial evidence does exist. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967).

Finding of fact No. 12 is attacked on the ground that the City waived the contract conditions when a majority of the commission voted to pay Molzen. Again, Molzen has failed to demonstrate a lack of substantial evidence. In addition, Molzen did not even request a specific finding that the City had waived the condition.

■ Conclusion of law No. 3 appears to be challenged for the reason that there were no conditions precedent to payment of these costs and because the Bateman Act (§ 11–6–6, N.M.S.A.1953 Comp. Pocket Supp., Repl. Vol. 2, 1971) does not operate to ban payment. It is not disputed that contract paragraph VI, B, 4, quoted above, is unconditional. Nor is it disputed that at the end of the year during which the contract was formed, a balance of $406,474.23 existed in the City's general fund and at least that amount has existed in each succeeding year up to and including the time of the district court proceedings. In part, the Bateman Act, supra, reads:

"It is unlawful for any board of county commissioners, municipal governing body, or any local school board, for any purpose whatever to become indebted or contract any debts of any kind or nature whatsoever during any current year which, at the end of such current year, is not and cannot then be paid out of the money actually collected and belonging to that current year, and any indebtedness for any current year which is not paid and cannot be paid, as above provided for, is void."

It may be readily observed that this law makes void debts which are not *and* cannot be paid. In this case, the debt was not paid but could have been. In fact, because of continuing surpluses in the City's general fund, it could have been paid at the end of every fiscal year in question. Therefore we cannot agree with the trial court's conclusion No. 3.

■ Conclusion No. 4 is challenged on the ground that if Molzen has no contractual right to payment at this time be-

**4**

cause of non occurrence of conditions precedent, then at some later time when the conditions have occurred Molzen will have a contractual right to payment. Therefore, Molzen argues, the injunction should only prohibit payment until the contractual conditions have been met. Although a continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need and although a court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong, United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932), we believe Molzen's argument is correct. Under the circumstances, it seems reasonable that the injunction should only prohibit payment until the contractual conditions are met.

■ Conclusion No. 5 of the trial court will stand. In view of the court's correct ruling that contract conditions were not fulfilled and because the City had no duty to perform under the contract, except for payment of expenses, it is logical that Molzen's claim against plaintiffs and defendants Rash and Reagan for inducing a breach of contract is without merit. What plaintiffs and these defendants attempted to induce was adherence to the contract.

■ Finally, Molzen contends that plaintiffs may not interfere with payment by the City of Molzen's claims. In this case, payment other than the $2,000 was not required under the contract, no other theory was acceptably advanced, and the fact remains that Molzen's work is not useful to the City because the City has no funds to build the project. The parties must be presumed to have entered the contract with their eyes open to the possibility of disappointment. Thus, it does not appear that there is any obligation on the part of the City. In fact, a payment by the City under these circumstances might possibly be classified as a gift. When there is no reason for the City to spend its money, then taxpayers certainly have the right to seek an injunction against the expenditure. Laughlin v. County Comm'rs, 3 N.M. 420, 5 P. 817 (1885). Also, see Asplund v. Hannett, 31 N.M. 641, 249 P. 1074 (1926).

The judgment of the trial court is affirmed except for its disposition of the issue of the $2,000 liability for actual costs and except for the perpetuality of its injunction. We do not find it necessary to resolve the other issues presented by this appeal.

The cause is remanded to the trial court for action to be taken in accordance with this opinion.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.